UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

SAMUEL S. NICHOLS,
          *Defendant-Appellant.*

No. 00-4096

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-99-121)

Submitted: June 26, 2001

Decided: July 31, 2001

Before WILKINS and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

___

Affirmed by unpublished per curiam opinion.

___

## COUNSEL

Pamela L. Kandzari, Nicholas P. Mooney, II, ALLEN, GUTHRIE &
MCHUGH, Charleston, West Virginia, for Appellant. Rebecca A.
Betts, United States Attorney, John J. Frail, Assistant United States
Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Samuel S. Nichols appeals his conviction of possession with intent to distribute marijuana, in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2001). Nichols was arrested on June 22, 1999, moments after he retrieved a package containing marijuana from the doorstep of his girlfriend's residence in Charleston, West Virginia, and placed it in the trunk of his vehicle. The package was delivered by a law enforcement officer posing as a United Parcel Service (UPS) driver after a search of the package at the UPS facility revealed over eleven kilograms of marijuana.

Prior to this incident, on June 16, 1999, a UPS driver attempted to deliver a package to a different address in Charleston. At the destination address, the occupants of the premises stated that the addressee did not live there. As the driver walked back to his truck, a black male, later identified as Nichols, approached the driver and stated that he would make sure the package was properly delivered. This person had the name of the addressee written on a piece of paper, but produced no other identification. The UPS driver refused to give the package to the individual, and returned it to the UPS facility. The package was subsequently searched pursuant to a warrant, and over eleven kilograms of marijuana was discovered. After Nichols' arrest, on July 9, 1999 a West Virginia state trooper and a DEA agent displayed a photo array to the UPS driver who had encountered the black male on June 16th. The array consisted of nine pictures of black males, arranged in three rows of three photos each. The driver quickly selected the photo of Nichols as the person who attempted to obtain the package on June 16th.

On appeal, Nichols contends that the district court erred in allowing the UPS driver to identify Nichols in court because the identification was tainted by the suggestive pretrial identification; and in

admitting the evidence of the encounter between Nichols and the UPS driver on June 16, 1999 under Federal Rule of Evidence 404(b). Finding no error, we affirm.

Courts engage in a two-step analysis when a defendant challenges an identification procedure. First, the defendant "must prove that the identification procedure was impermissibly suggestive. Once this threshold is crossed, the court then must determine whether the identification was nevertheless reliable under the totality of the circumstances." *Holdren v. Legursky*, 16 F.3d 57, 61 (4th Cir. 1994) (citations omitted). If the court concludes the confrontation procedure was not impermissibly suggestive, the inquiry ends. *United States v. Bagley*, 772 F.2d 482, 492 (9th Cir. 1985); *cf. Harker v. Maryland*, 800 F.2d 437, 444 (4th Cir. 1986) (ending analysis after finding photographic array and show-up not impermissibly suggestive). If, however, the court finds the identification impermissibly suggestive, the court then determines whether under the totality of the circumstances, "there is 'a very substantial likelihood of irreparable misidentification.'" *Manson v. Brathwaite*, 432 U.S. 98, 116 (1977) (quoting *Simmons v. United States*, 390 U.S. 377, 384 (1968)).

Nichols argues on appeal that the pretrial photo identification was impermissibly suggestive because the photograph of Nichols had a different appearance than that of the other photos in the array, and because his appointed counsel was not permitted to be present at, or even notified of, the identification procedure. We find Nichols' argument that he was entitled to have his counsel present at the photo identification without merit. The Supreme Court has specifically declined to extend the right to counsel to include presence at photographic displays to a potential witness. *See United States v. Ash*, 413 U.S. 300, 321 (1973). Our review of the record, including a copy of the photo array presented to the UPS driver, convinces us that the display and the manner in which it was presented to the driver were not suggestive, as it did not "increase the likelihood of misidentification." *Neil v. Biggers*, 409 U.S. 188, 198 (1972). Moreover, we also conclude that the driver's identification of Nichols as the person who approached him on June 16, 1999 was reliable. *Manson*, 432 U.S. at 114; *United States v. Johnson*, 114 F.3d 435, 441 (4th Cir. 1997). The district court properly allowed the in-court identification.

Evidence of other acts is not admissible to prove bad character or criminal propensity. Fed. R. Evid. 404(b). Such evidence is admissible, however, to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.*; *see United States v. Queen*, 132 F.3d 991, 994-95 (4th Cir. 1997). We review a district court's determination of the admissibility of evidence under Rule 404(b) for abuse of discretion, applying a four-factor analysis. *Id.* at 995, 997. A district court will not be found to have abused its discretion unless its decision to admit evidence under Rule 404(b) was arbitrary or irrational. *See United States v. Haney*, 914 F.2d 602, 607 (4th Cir. 1990). Limiting jury instructions explaining the purpose for admitting evidence of prior acts and advance notice of the intent to introduce prior act evidence provide additional protection to defendants. *See Queen*, 132 F.3d at 997-98. Our review of the record in this case convinces us that the trial court did not abuse its discretion in admitting the testimony of the UPS driver describing Nichols' attempt to obtain the undelivered package on June 16th.

Accordingly, we deny Nichols' motion for leave to transmit an original exhibit and affirm his conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*